UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NANAS,

        Plaintiff,

v.                                           Hon. Victoria A. Roberts
                                           Case No. 04-71660

SCHOOLHOUSE SERVICES
& STAFFING, INC., a Michigan
corporation,

        Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for reconsideration. For the following reasons, the Court **DENIES** Plaintiff's Motion.

**II.    BACKGROUND**

The underlying facts of this case are sufficiently set forth in the Court's Order granting Defendant's Motion for summary judgment, entered December 23, 2005. [Doc. 32]. On January 6, 2006, Plaintiff filed a Motion for reconsideration of that Order.

**III.    STANDARD OF REVIEW**

(g) Motions for Rehearing or Reconsideration.

(1) Time. A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.

(2) No Response and No Hearing Allowed. No response to the motion and no oral

argument are permitted unless the court orders otherwise.

(3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

## IV.   APPLICABLE LAW AND ANALYSIS

Plaintiff claims the Court erred by applying the wrong legal standard and ignoring the factual evidence.  She challenges the Court's finding that she failed to establish a genuine issue of fact on whether she was constructively discharged.

As noted in the Order granting summary judgment, "[t]o constitute a constructive discharge, the employer must deliberately create intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit and the employee must actually quit."  *Goldmeier v. Allstate Ins. Co.*, 337 F.3d 629, 635 (6th Cir. 2003)(citation omitted).  Working conditions must be so difficult or unpleasant that a reasonable person would have felt compelled to resign.  *Id.*  Courts look at all of the circumstances in determining if an environment would be hostile or abusive to a reasonable person.  *Id.*  "Such circumstances include, the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's performance."  *Id.*  The employer's intent must also be examined; the employer must have intended that the plaintiff quit.  *Id.* at 636.

To determine whether the working conditions were intolerable, several factors

2

are considered: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status. *Logan v. Denny's Inc.*, 259 F.3d 558, 569 (6th Cir. 2001)(citation omitted).

Based on the applicable law, Plaintiff failed to demonstrate that her working conditions were so difficult that a reasonable person in her position would feel compelled to resign.  First, her supervisors only knew of her allegations for two business days before Plaintiff resigned.  Plaintiff revealed her identity to CMU previously, but does not provide any evidence to support an inference that Wells or Diehl were aware of her actions prior to her email on February 28, 2004.  During those two days, Plaintiff alleges she was told to forego her usual responsibilities and assist with the investigation.  She was isolated from the supervisor she made allegations against. Additionally, Plaintiff, a full time employee, was asked to work eight hour shifts for the duration of the investigation. [Defendant's Motion, p. 14].

Many of Plaintiff's complaints refer to the manner that Wells handled the investigation into her allegations.  Plaintiff felt she was also a focus of the investigation. Additionally, she believed Wells could not be impartial. [Plaintiff's Affidavit, ¶6]. Ultimately, Plaintiff decided, after two days, that the environment could not improve. [Plaintiff's Affidavit, ¶14].

Dissatisfaction with work assignments or a feeling of being unfairly criticized are not so intolerable as to compel a reasonable person to resign.  *Smith v. Henderson*, 376

F.3d 529, 534 (6th Cir. 2004)(citing with approval *Tidwell v. Meyer's Bakeries, Inc*. 93 F.3d 490 (8th Cir. 1996) and *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)).

Looking at all of the circumstances, there is no genuine issue of material fact regarding whether a reasonable person in Plaintiff's position, would find her workplace so difficult and unpleasant that she felt compelled to resign.  Plaintiff worked in a small office of only four individuals, so, it is not unreasonable that she was isolated immediately following accusations of fraud against her direct supervisor.  It would have been more suspicious if Defendant left Plaintiff in such close confines with her supervisor.  Additionally, Plaintiff claims her schedule was changed to one Wells knew would be a hardship for her.  However, Defendant claims, and Plaintiff does not dispute, that the eight hour shift change was only for the duration of the investigation and the "hardship" came from Plaintiff's second job that she held secretly.

From Plaintiff's allegations, it seems she believed her working conditions would *become* intolerable, but in the two days she remained employed after sharing her concerns, the Court cannot find that her working conditions *were* so intolerable that she was forced to resign.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for reconsideration.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts**
**United States District Judge**

**Dated:  May 8, 2006**

4

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 8, 2006.**

**s/Linda Vertriest**
**Deputy Clerk**